UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 JUL 29 AM 8:53

CLERK
BY _____
DEPUTY CLERK

NATIONAL FEDERATION OF THE
BLIND, on behalf of its members and
itself, and HEIDI VIENS,
                Plaintiffs,

v.

SCRIBD, INC.,
                Defendant.

Docket No. 2:14-cv-162

# COMPLAINT

Plaintiffs complain of Defendant and allege herein as follows:

## INTRODUCTION

1. Plaintiffs National Federation of the Blind ("NFB") and Heidi Viens seek to put an end to systemic civil rights violations committed by Scribd, Inc. ("Scribd") against blind persons who wish to access Scribd's reading subscription services in Vermont. By offering its services through an Internet website and mobile applications, or "apps," that are inaccessible to the blind, Scribd deprives blind persons access to the online services Scribd offers its sighted customers, including access to over 40 million documents.

2. Digital reading services play a crucial role in society. Excluding blind individuals from online reading services significantly impairs their access to information, reduces their research opportunities, impairs their career prospects, and unfairly hinders their pursuit of knowledge.

3. Plaintiffs, consisting of several blind individuals and the NFB, attempted to resolve this matter without a lawsuit, but were unable to obtain a commitment by Scribd to remedy these barriers to full and equal access.

629474.1

4. Plaintiffs use the terms "blind person" or "blind people" and "the blind" to refer to all members of the NFB with visual impairments meeting the legal definition of blindness.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 12188, for Plaintiffs' claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the acts or omissions giving rise to Plaintiffs' claims have occurred in this District.

## PARTIES

7. The NFB, the oldest and largest national membership organization of blind persons, is a non-profit corporation duly organized under the laws of the District of Columbia with its principal place of business in Baltimore, Maryland. It has affiliates and members in all 50 states, including Vermont. The vast majority of the NFB's approximately 50,000 members are blind persons who are recognized as a protected class under federal law. The NFB is widely recognized by the public, Congress, executive agencies of government, and the courts as a collective and representative voice on behalf of blind Americans and their families.

8. The purpose of the NFB is to promote the general welfare of the blind by (1) assisting the blind in their efforts to integrate themselves into society on terms of equality and (2) removing barriers and changing social attitudes, stereotypes, and mistaken beliefs that sighted and blind persons hold concerning the limitations created by blindness and that result in the denial of opportunity to blind persons in virtually every sphere of life. The NFB and many of its members have long been actively involved in promoting accessible technology for the blind, so that blind persons can live and work independently in today's technology-dependent world.

9. Many NFB members have encountered and will continue to encounter barriers due to the inaccessible Scribd website and apps at issue. The NFB sues on behalf of its members in Vermont, as well as itself in furtherance of its extensive efforts and expenditure of resources in promoting two of its principal missions: independence of the blind and equal access to technology for the blind. Scribd's discriminatory offer of services through an inaccessible website and apps frustrates these missions of the NFB and results in the diversion of its resources to address Scribd's discriminatory practices.

10. Plaintiff Heidi Viens is blind, a member of the NFB, and a resident of Colchester, Vermont. Ms. Viens wants to use Scribd to, among other things, instantly access children's books to read to her 3-year-old daughter. Because Ms. Viens understands that the Scribd website and apps are inaccessible due to the lack of a non-visual means of operation, Ms. Viens has been deterred from using Scribd's services. Ms. Viens would subscribe to Scribd's services if they were accessible.

11. Scribd describes itself on its website as a "personal digital library, where you [subscribers of Scribd's service] have unlimited access to the world's largest collection of e-books and written works." Scribd is incorporated in Delaware and headquartered in San Francisco, California. Scribd owns and/or operates reading subscription services on its website located at http://www.scribd.com and its apps for Apple, Kindle, and Android devices.

## FACTUAL ALLEGATIONS

### Use of the Internet and Mobile Applications by the Blind

12. For sighted and blind persons, the Internet is a significant source of information and education, a place for everyday activities such as shopping and research, and a means for conducting business. The Internet offers a wealth of information, services, and products with instant availability and without the need to travel to engage in these activities.

13. The blind access the Internet from personal computers or mobile devices by using keyboards or touch-screen gestures in conjunction with screen access software, which vocalizes textual information presented visually on a computer screen or displays that information on a refreshable braille display. Such software provides the only method by which all blind persons can independently access the Internet and associated computer programs. When Internet applications and software are not designed to allow for use with screen access software, blind persons are unable to fully access the information, products, and services offered through the Internet.

14. Sighted and blind persons also extensively utilize applications on their mobile devices to do many of the same things that they could do via an Internet website. Blind persons access mobile applications using screen access software that works essentially the same as it does on a personal computer. Companies that create mobile device operating systems provide instructions to developers of mobile applications, including how to make mobile applications accessible to persons with disabilities.

### Scribd's Inaccessible Internet Website and Mobile Applications

15. Described by its CEO as "the largest social publishing company in the world," Scribd offers an Internet-based "personal digital library" that allows sighted subscribers to access a collection of over 40 million titles, offering 420 billion words. Scribd has approximately 80 million subscribers around the world.

16. For a monthly fee of $8.99, sighted subscribers gain unlimited access to this large collection through its website and apps, as well as other services, privileges, advantages, and accommodations such as publishing their own work by uploading it to the Scribd collection and participating in social media features.

17. Access to information is critical to the NFB and its members. Reading facilitates the acquisition of knowledge. Blind researchers, students, teachers, writers, and entrepreneurs, like their sighted counterparts, increasingly rely on online access to digital information for their education, employment, and self-growth. When information is equally accessible to all, blind and sighted Americans alike can participate in America's celebrated marketplace of ideas. Scribd's inaccessible reading services gratuitously exclude the blind from having access to information that is critical to education, employment, and community integration.

18. Scribd's website uses an exclusively visual interface that is inaccessible to the blind. Users must visually identify reading content and interact with command icons on the screen. Blind users cannot log in to the reading service using the website. All information about books in the Scribd library, including book titles, summaries, and ratings, is only available visually.

19. Blind users cannot choose files to upload to the Scribd digital library because the buttons for uploading documents are not accessible using screen access software.

20. Scribd's reading service, including both its online reading platform and mobile apps, is completely incompatible with screen access software.

21. Because Scribd's website and apps are not programmed to be accessible through screen access software, Scribd is denying blind people access to all of the services, privileges, advantages, and accommodations that Scribd offers through its website and apps.

22. Technology exists to make graphical interfaces, such as Scribd's reading platforms, accessible to blind individuals. Screen access technology has existed for decades and numerous websites and applications have already programmed for screen access technology.

23. Other digital reading services, such as iBooks, already have accessibility features that fully include the blind in the sharing of ideas. These reading services have already

programmed for screen access compatibility, allowing blind readers to independently browse the reading collections, select titles, and read their chosen work. Screen access technology also allows access to ATMs, ticketing kiosks, smart phones, and personal computers.

24. Despite readily available technology that would render reading services accessible to blind persons, Scribd chose to design an exclusively visual interface. By failing to make their reading subscription services accessible to blind persons, Scribd violates basic equal access requirements under federal law.

25. Congress provided a clear national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by inaccessible reading services in places of public accommodation, such as Scribd, its website, and its apps.

21. Despite this mandate, blind persons do not have equal access to Scribd's reading collection.

22. On June 5, 2014, Plaintiff NFB notified Scribd that it was aware of the unlawful accessibility barriers at Scribd's website and apps. The NFB requested that Scribd commit to make its services accessible as required under current law.

23. Scribd has failed to make such a commitment.

**COUNT ONE**
**Violation of Title III of the Americans with Disabilities Act**
**(42 U.S.C. § 12182)**

24. Title III of the Americans with Disabilities Act of 1990 ("ADA") guarantees that qualified individuals with disabilities shall have full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182.

25. Heidi Viens and other members of the NFB are legally blind and, as such, are qualified individuals with disabilities under the ADA.

26. Scribd, which describes itself as a "personal digital library," is a place of public accommodation as defined by the ADA because it is, or is part of, a "place of exhibition or entertainment," a "sales or rental establishment," a "service establishment," a "library," a "gallery," and/or a "place of public display or collection." 42 U.S.C § 12181(7).

27. Scribd owns, operates, maintains, and/or leases the website located at http://www.scribd.com and the Scribd apps for Apple, Kindle, and Android devices. The website and apps are services, facilities, privileges, advantages, or accommodations of Scribd.

28. Heidi Viens and other members of the NFB cannot access Scribd's website and mobile applications. Scribd's website and apps contain barriers, including violations of WCAG 2.0 AA, that prevent full and equal use by blind persons, including the Plaintiffs, using screen access software.

29. Scribd's website and apps deny blind users full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations that Scribd makes available to the sighted public. Unless the Court enjoins Scribd from continuing to engage in these unlawful practices, Plaintiffs will continue to suffer irreparable harm.

30. As a result of Scribd's wrongful conduct, Heidi Viens and other members of the NFB are entitled to injunctive relief pursuant to 42 U.S.C. § 12188 requiring Scribd to remedy the discrimination.

31. Heidi Viens and other members of the NFB are also entitled to reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

32. A permanent injunction pursuant to the ADA, requiring Scribd to take the steps necessary to make the services, facilities, privileges, advantages, or accommodations it provides at the Scribd website and apps in Vermont fully accessible to and independently usable by blind persons and to maintain that accessibility;

33. A declaration that Scribd discriminates against blind persons by failing to provide blind persons with full and equal access to the services, facilities, privileges, advantages, or accommodations of Scribd and its website and apps in Vermont, in violation of Title III of the ADA.

34. An order awarding Plaintiffs reasonable attorneys' fees and costs, and

35. Such other and further relief as the Court deems just and proper.

Dated at Middlebury, Vermont, this 29th day of July, 2014.

LANGROCK SPERRY & WOOL, LLP

_____
Emily J. Joselson, Esq.
James T. DeWeese, Esq.
111 South Pleasant Street
PO Drawer 351
Middlebury, VT  05753-0351
ejoselson@langrock.com
jdeweese@langrock.com
Ph: (802) 388-6356 | Fx: (802) 388-6356

Daniel F. Goldstein *(to seek admission pro hac vice)*
Gregory P. Care *(to seek admission pro hac vice)*
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD  21202
dfg@browngold.com
gpc@browngold.com
Ph:     (410) 962-1030 x.1314
Fx:     (410) 385-0869

Laurence Paradis *(to seek admission pro hac vice)*
Haben Girma *(to seek admission pro hac vice)*
Rebecca Rodgers *(to seek admission pro hac vice)*
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, CA  94704-1204
lparadis@dralegal.org
hgirma@dralegal.org
rrodgers@dralegal.org
Ph:     (510) 665-8644
Fx:     (510) 665-8511
TTY:   (510) 665-8716

Attorney for Plaintiffs

629474.1