Gary F. Karnedy
PRIMMER PIPER EGGLESTON & CRAMER
Professional Corporation
150 South Champlain Street
P.O. Box 1489
Burlington, Vermont 05401
Telephone: (802) 864-0880
Facsimile: (802) 864-0328
Email: gkarnedy@primmer.com

Tonia Ouellette Klausner (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7700
Facsimile: (212) 999-5899
Email: tklausner@wsgr.com

*Counsel for Defendant Scribd Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

|  |  |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of its members and itself, and HEIDI VIENS, <br><br> Plaintiffs, <br><br> v. <br><br> SCRIBD INC., <br><br> Defendant. | Case No. 2:14-cv-00162-wks |

**SUPPLEMENTAL MEMORANDUM BY DEFENDANT SCRIBD INC.**

Defendant Scribd, Inc. ("Scribd") respectfully and briefly addresses *Direct Mktg. Ass'n v.*

*Brohl*, 575 U.S. __ (March 3, 2015) (slip opinion attached as Exhibit A), which was invoked by

plaintiffs' counsel during oral argument on Scribd's motion to dismiss last Tuesday, March 3, 2015.[1]

## MEMORANDUM

During the recent oral argument on Scribd's motion to dismiss, plaintiffs directed the Court to Justice Kennedy's concurrence in *Brohl* in support of their position that "a place of public accommodation" under Title III of the Americans with Disabilities Act ("ADA") should be read broadly to include any business that offers a service to the public. However, the Court's analysis in *Brohl* supports Scribd's position, not plaintiffs'.

*Brohl*, like Scribd's motion, involved the construction of a list of terms used by Congress in a statute – there "enjoin, suspend or restrain the assessment, levy or collection of any tax" as used in Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"). The Tenth Circuit had given a broad construction to the term "restrain," based upon one possible meaning of the term in isolation from the context in which it was used in the statute. The Court found this to be error, and reversed. It explained that the term "restrain" must be interpreted based on "the context in which the word is used." *Slip op.* at 10. Because "restrain" was used by Congress together with "a carefully selected list" of other terms, reading "restrain" out of context would serve to "defeat the precision of that list," and render several of the other terms "mere surplusage." *Id.* at 11.

Here, construing "place of public accommodation" as used in the ADA as including any business that offers a service to the public based on a broad reading of the phrase "other service establishment" in isolation, would bring about the very misinterpretation that the Supreme Court condemned. In the ADA, Congress used the phrase "other service establishment" in the context of a carefully selected and limited list of specific places. Construing "other service

---

[1] Because the case had just been decided the day of the argument and a copy of the decision provided by plaintiffs' counsel to Scribd's counsel only moments before the start of the hearing, Scribd's counsel was not in a position to address the case during the argument itself.

establishment" to cover any business that offers a service to the public would render the other

terms in Congress' detailed, enumerated list of "public accommodation" surplusage, since every

single one of the places listed in 42 U.S.C. § 12181 offers a service to the public.  That approach

was rejected by the Supreme Court in *Brohl*, and it should be rejected here as well.  Notably,

while Justice Kennedy commented that the Internet has changed society and wrote a concurrence

to point out the injustice caused by the current statutory scheme, ultimately he applied the letter

of the law and agreed with the majority's narrow construction applying the same long-standing

interpretative rule that should govern here.


Dated:  March 10, 2015

Respectfully submitted,

By:   s/ Gary F. Karnedy

Gary F. Karnedy
PRIMMER PIPER EGGLESTON & CRAMER
Professional Corporation
150 South Champlain Street
P.O. Box 1489
Burlington, Vermont 05401
Telephone: (802) 864-0880
Facsimile: (802) 864-0328
Email: gkarnedy@primmer.com

Tonia Ouellette Klausner (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7700
Facsimile: (212) 999-5899
Email: tklausner@wsgr.com

*Counsel for Defendant Scribd Inc.*