UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of its members and itself, and HEIDI VIENS,<br><br>   Plaintiffs,<br><br>  v.<br><br>SCRIBD, INC.,<br><br>   Defendant. | Docket No.  2:14-cv-0162-wks |

## DEFENDANT SCRIBD, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant SCRIBD, INC. ("Scribd") answers the unverified Complaint of NATIONAL FEDERATION OF THE BLIND and HEIDI VIENS by alleging the following:

1. As to Paragraph 1 of the Complaint, as to the first sentence Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.  Scribd denies the remaining allegations.

2. The allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

3. As to Paragraph 3, Scribd admits that Plaintiffs sent Scribd a demand letter prior to filing suit.  Except as expressly admitted, Scribd denies the allegations therein.

4. The allegations in Paragraph 4 are legal conclusions that require no response. To the extent a response is required, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

5. As to Paragraph 5, Scribd does not contest the Court's jurisdiction at this time.

6. As to Paragraph 6, Scribd does not contest the venue at this time.

7. As to Paragraph 7, Scribd lacks knowledge or information to admit or deny the

1

allegations therein, and on that basis denies them.

8. As to Paragraph 8, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

9. As to Paragraph 9, Scribd lacks knowledge or information to admit or deny the allegations in the first and second sentences and on that basis denies them. Scribd denies the remaining allegations.

10. As to Paragraph 10, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

11. As to Paragraph 11, Scribd admits the allegations in the first and second sentences. As to the third sentence, Scribd admits that it operates a subscription digital publication service available only on its website located at http://www.scribd.com and through its mobile software applications that interface with Apple, Kindle, and Android devices. Scribd lacks knowledge or information to admit or deny the remaining allegations and on that basis denies.

12. As to Paragraph 12, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

13. As to Paragraph 13, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

14. As to Paragraph 14, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

15. As to Paragraph 15, Scribd admits its CEO has described it as "the largest social publishing company in the world." Scribd admits it offers an internet-based subscription access to its collection of digital written works. Scribd denies that it operates an actual library and denies that it has approximately 80 million subscribers around the world as the number of subscribers is not static.

16. As to Paragraph 16, Scribd admits it charges a monthly subscription fee of $8.99 for access to its digital works. Scribd admits it also has an open platform for publishing and sharing digital documents online and on mobile software applications. Scribd lacks knowledge or

information to admit or deny the remaining allegations therein, and on that basis denies them.

17. As to Paragraph 17, Scribd lacks knowledge or information to admit or deny the allegations contained in sentences one, two, and three, and on that basis denies them. Scribd denies the remaining allegations therein.

18. As to Paragraph 18, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

19. As to Paragraph 19, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

20. As to Paragraph 20, Scribd denies the allegations therein.

21. As to Paragraph 21, Scribd denies the allegations therein.

22. As to Paragraph 22, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

23. As to Paragraph 23, Scribd lacks knowledge or information to admit or deny the allegations therein, and on that basis denies them.

24. As to Paragraph 24, Scribd denies the allegations therein.

25. As to Paragraph 25, Scribd denies the allegations therein.

26. As to Paragraph 21[1], Scribd denies the allegations therein.

27. As to Paragraph 22[2], Scribd admits that NFB sent Scribd a demand letter prior to filing this lawsuit and made certain demands of Scribd. Except as expressly admitted, Scribd denies the allegations therein.

28. As to Paragraph 23[3], Scribd admits that it made no commitment, but denies that any commitment was required by law.

29. The allegations in Paragraph 24[4] are legal conclusions that require no response.

30. As to Paragraph 25[5], Scribd lacks knowledge or information to admit or deny the

---

[1] The Complaint erroneously includes two paragraphs numbered 21.
[2] The Complaint erroneously includes two paragraphs numbered 22.
[3] The Complaint erroneously includes two paragraphs numbered 23.
[4] The Complaint erroneously includes two paragraphs numbered 24.

1989100.1

allegations therein, and on that basis denies them.

31. As to Paragraph 26, Scribd denies the allegations therein.

32. As to Paragraph 27, Scribd admits it operates the website located at http://www.scribd.com and associated applications, but denies the remaining allegations therein.

33. As to Paragraph 28, Scribd denies the allegations therein.

34. As to Paragraph 29, Scribd denies.

35. As to Paragraph 30, Scribd denies.

36. As to Paragraph 31, Scribd denies.

## AFFIRMATIVE DEFENSES

Wherefore, having answered the Plaintiffs' Complaint, Scribd raises the following defenses, including affirmative defenses. By asserting these defenses Scribd does not assume any burden that otherwise would be imposed upon Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

As a first and separate affirmative defense, Scribd alleges that the Complaint fails to state a claim sufficient to constitute a cause of action against Scribd.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a second and separate affirmative defense, Scribd alleges that the Complaint is barred by the statute of limitations provided by 12 Vt. Stat. § 512(4).

### THIRD AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

As a third and separate affirmative defense, Plaintiffs' claims are barred by the doctrine of res judicata/collateral estoppel.

---

[5] The Complaint erroneously includes two paragraphs numbered 25.

4

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a fourth and separate affirmative defense, Plaintiffs lack standing to pursue any claim against Scribd under the Americans with Disabilities Act. Plaintiffs are not subscribers to Scribd, have not accessed any Scribd content, and have not, and cannot have, experienced — and have no "actual notice" of — any discrimination resulting from Scribd's conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Constitutional Standing)

As a fifth and separate affirmative defense, Scribd alleges that Plaintiffs are not a real party in interest and therefore have no constitutional standing to sue. Plaintiffs are not subscribers to Scribd, have not attempted to subscribe to any service and therefore have not, and cannot have, suffered a concrete and particularized injury-in-Complaint resulting from Scribd's conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Nondiscriminatory Legitimate Business Reasons)

As a sixth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Scribd because Scribd provides content consistent with nondiscriminatory legitimate business reasons. Scribd makes its Internet-based content available to all subscribers on the same basis and does not treat any subscribers differently on the basis of their disability.

## SEVENTH AFFIRMATIVE DEFENSE

### (Private Club or Establishment Exemption)

As an seventh and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Scribd because Scribd's subscription amounts to a private club or establishment subject to exemption.

*1989100.1*

## EIGHTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration of Activities)

As a eighth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Scribd because the relief requested requires a fundamental alteration of Scribd's activities. Requiring Scribd to immediately restructure its business would require Scribd to achieve the impossible given current technology, or significantly reduce the amount and quality of available content.

## NINTH AFFIRMATIVE DEFENSE

### (Undue Burden or Hardship - Cost)

As a ninth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Scribd because the relief requested would impose undue economic burden or hardship on Scribd.

## TENTH AFFIRMATIVE DEFENSE

### (Undue Burden or Hardship — Compliance with Conflicting Laws and Regulations)

As a tenth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Scribd because the relief requested would impose undue burden or hardship on Scribd by having to comply with conflicting requirements. Plaintiffs' demands that the Court order Scribd to restructure its business regardless of federal regulations or statutory guidelines, imposes on Scribd the undue burden of having to comply with both federal regulations and Plaintiffs' conflicting demands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief — Vague, Overbroad, and Unduly Subjective)

As an eleventh and separate affirmative defense, Plaintiffs are not entitled to the injunctive relief they seek because it is too vague, overly broad, and unduly subjective for enforcement by the Court.  Plaintiffs' request would leave Scribd unable to comply with Plaintiffs' request, which is subject to unreasonably subjective interpretation.

*1989100.1*

## TWELFTH AFFIRMATIVE DEFENSE

### (Declaratory Relief Unavailable)

As a twelfth and separate affirmative defense, Plaintiffs are not entitled to the declaratory relief they seek because such relief is not available to Plaintiffs under the claims alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

As a thirteenth and separate affirmative defense, Plaintiffs are barred from recovering attorneys' fees.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Structural Impracticability)

As a fourteenth and separate affirmative defense, Plaintiffs may not pursue a claim under the Americans with Disabilities Act against Scribd because the relief requested is impracticable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Alternative Design)

As a fifteenth and separate affirmative defense, Plaintiffs may not pursue an injunction under the Americans with Disabilities Act requiring a specific design or alteration where Scribd has an alternative design which provides substantially equivalent accessibility.

WHEREFORE, Defendant respectfully prays for judgment as follows:

1. That Plaintiffs' Complaint and each cause of action alleged therein, be dismissed with prejudice;

2. That Plaintiffs take nothing by this action;

3. That judgment be ordered in favor of Defendant;

4. For reasonable attorneys' fees;

5. For all costs of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated:  April 2, 2015

By:  /s/ Gary F. Karnedy
Gary F. Karnedy, Esq.
PRIMMER PIPER EGGLESTON & CRAMER
Professional Corporation
150 South Champlain Street
Burlington, Vermont 05401
Telephone:  (802) 864-0880/
Fax: (802) 864-0328
Email:  gkarnedy@primmer.com

Natalie P. Vance, Esq.
(*Pro Hac Vice* application pending)
Lindsey N. Heaton, Esq.
(*Pro Hac Vice* application pending)
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
Telephone:  (916) 444-7573
Fax:  (916) 444-7544
Email: nvance@klinedinstlaw.com
Email: lheaton@klinedinstlaw.com

Greg A. Garbacz, Esq.
 (*Pro Hac Vice* application pending)
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California  90017
Telephone: (213) 406-1100
Telefax: (213) 406-1101
Email:  ggarbacz@klinedinstlaw.com

Tonia M. Ouellette Klausner, Esq.
WILSON SONSINI GOODRICH & ROSATIC, P.C.
1301 Avenue of the Americans, 40th Floor
New York, New York 10019
Telephone: (212) 497-7700
Telefax: (212) 999-5899
Email:  tklausner@wsgr.com

*Counsel for Defendant Scribd, Inc.*

16165746v1

1989100.1