UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
NATIONAL FEDERATION OF THE      :
BLIND, on behalf of its members :
and itself, and HEIDI VIENS,    :
                                :
        Plaintiffs,             :
                                :    Case No. 2:14-cv-162
    v.                          :
                                :
SCRIBD INC.,                    :
                                :
        Defendant.              :
```

### Opinion and Order

Plaintiffs National Federation of the Blind ("NFB") and Heidi Viens, a member of NFB residing in Colchester, Vermont, brought this suit against Scribd, Inc. ("Scribd"). The Plaintiffs' Complaint alleges that Scribd has violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, because its website and mobile applications ("apps") are inaccessible to the blind. On March 19, 2015, the Court denied Scribd's Motion to Dismiss for Failure to State a Claim. ECF No. 30 (the "March Order"). Pursuant to 28 U.S.C. § 1292(b) Scribd now moves to certify the March Order for interlocutory review and to stay the action pending a request for interlocutory appeal to the Second Circuit. ECF No. 37. For the reasons explained at length below, Scribd's motion is **denied** and discovery will proceed.

1

## I. Legal Standard

28 U.S.C. § 1292(b) permits district courts to certify an order for immediate interlocutory appeal when it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the termination of the litigation." *Id.* Section 1292(b), however, "is a rare exception to the final judgment rule" and its use "is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Kellogg v. Wyeth*, 612 F. Supp. 2d 437, 439 (D. Vt. 2009) (internal quotation and citation omitted). Certification is "not intended as a vehicle to provide early review of difficult rulings in hard cases." *German by German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995).

District courts have substantial discretion in deciding whether to certify a question for interlocutory appeal. *Latouche v. N. Country Union High Sch. Dist.*, 131 F. Supp. 2d 568, 573 (D. Vt. 2001). The Second Circuit, however, has "urge[d] the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). There must be "exceptional circumstances justify[ing] a departure from the basic policy of postponing appellate review until after the

entry of a final judgment." *Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 505 F.3d 226, 229 (2d Cir. 2007) (internal quotation and citation omitted." District courts, therefore, should construe the requirements for certification strictly. *Latouche*, 131 F. Supp. 2d. at 573.

## II. Discussion

Scribd previously argued that the Plaintiffs did not sufficiently allege that it owns, leases, or operates a place of public accommodation as is required to state a claim under Title III of the ADA. The Court denied Scribd's motion to dismiss because the text of the ADA is ambiguous and the statute's legislative history resolved the ambiguity in the Plaintiffs' favor. The Court further determined that the services Scribd offers fall within at least one of the general categories of public accommodations listed in the statute and that the Plaintiffs had therefore sufficiently alleged that Scribd owns, leases, or operates a place of public accommodation. ECF No. 30 at 24-25.

The proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met, or in other words that: 1) the order concerns a controlling question of law, 2) there is a substantial ground for difference of opinion, and 3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Facebook,*

*Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014).

It is unclear whether the March Order concerned a controlling question of law.  If the Second Circuit were to disagree with the Court's construction of the statute and hold that Scribd does *not* own, lease, or operate a place of public accommodation then the Plaintiffs' claim likely would end.  However, that would certainly not be the case if the Second Circuit were to affirm the Court's March Order.

Moreover, the appellate court might very well remand for further discovery.  Scribd argued that Title III does not apply to entities that do not operate a physical place open to the public.  The Second Circuit could disagree with the Court's conclusion but still credit the Plaintiffs' previous argument that computer servers may be considered a physical place of public accommodation.  *See* ECF No. 17 at 3 ("Alternatively, even if Scribd were correct that Title III's application is constricted to operations from a physical 'place,' Scribd's web servers . . . would qualify as a 'place.'"); *id.* at 20-22 (arguing same).  The parties might then need to conduct discovery to determine how patrons access information from Scribd's computer server facilities.

Scribd cannot demonstrate that the other two criteria are met.  The legislative history of 28 U.S.C. § 1292(b) suggests

that to satisfy the second prerequisite there must be "'substantial doubt'" that the district court's order was correct. *N.F.L. Ins. Ltd. By Lines v. B&B Holdings, Inc.*, No. 91 Civ. 8580 (PKL), 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993) (quoting S. Rep. No. 2434, 85th Cong., 2d Sess. (1958) *reprinted in* 1958 U.S.C.C.A.N. 5255, 5257).  The Court has no such doubt here.

The Court acknowledges that this is an issue of first impression for the Second Circuit.  However, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).  Rather, "it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* (internal quotation, alterations, and citation omitted).

The Court has already considered and rejected the arguments Scribd raises in the present motion. *In re Methyl Tertiary Butyl Ether Products Liab. Litig.*, 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005)("[A] party that offers only arguments rejected on the initial motion does not meet the second requirement of § 1292(b)." (internal quotation and citation omitted)).  Moreover there is no strong argument in opposition to its ruling.  While

5

not directly on point, *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999) came closest to addressing the issue before the Court in the March Order.  This Court explained that the appellate court likely would extend its reasoning in *Pallozzi* to conclude that Title III applies to companies like Scribd that offer its goods and services exclusively online.

The Court acknowledges that other courts have reached different conclusions about how far Title III extends.  At the time it issued its March Order, however, no appellate court had ruled on the specific question the Court confronted.  Those opinions that previously construed Title III narrowly were distinguishable or not applicable in the Court's view.  The Court reasoned that there is no conflict between its analysis of *Pallozzi* and the cases Scribd cited from the Third, Sixth, and Ninth Circuits because those courts "did not consider facts that justified a finding that Title III requires some connection to a physical place."  ECF No. 30 at 12.  Few courts have considered parties that conduct business entirely online.  Those opinions that did so were essentially limited to: 1) district court rulings bound by appellate precedent that this Court distinguished and 2) Judge Ponsor's opinion in *Nat'l Ass'n of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012).  The Court agreed with Judge Ponsor's reasoning.

Scribd now cites two unpublished decisions from the Ninth Circuit that were decided after the March Order.  Unlike the other appellate decisions the Court considered, they expressly held that website operators with no physical place of business open to the public were not operators of a public place of accommodation under the ADA.  *Cullen v. Netflix, Inc.*, No. 13-15092, __ Fed App'x __, 2015 WL 1471802 (9th Cir. April 1, 2015); *Earll v. Ebay, Inc.*, No. 13-15134, __ Fed. App'x __, 2015 WL 1454941 (9th Cir. April 1, 2015).  These cases do not change the Court's conclusions.  Putting aside the fact that they are both unpublished decisions and are expressly non-precedential under the Ninth Circuit's Rules, *see* U.S. Ct. of App. 9th Cir. R. 36-3(a), the Court previously considered the district court opinions that preceded these appeals.  *See* ECF No. 30 at 8 (citing *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023-24 (N.D. Cal. 2012) and *Earll v. eBay, Inc.*, No. 5:11-cv-00262-JF (HRL), 2011 WL 3955485, at *2 (N.D. Cal. Sept. 7, 2011)).  Moreover both the recent Ninth Circuit decisions and their district court counterparts relied on *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) as precedent they were bound to follow.  The Court considered and distinguished *Weyer* in the March Order.  These two recent cases that rely on the same cramped reasoning do not persuade the

7

Court that there is a substantial ground for difference of opinion sufficient to warrant certification.

Finally, an immediate appeal will not materially advance the litigation. No discovery has yet occurred. While the Court appreciates that a contrary decision from the Second Circuit could end the case and save the parties the time and expense of discovery, there is no reason to believe that discovery will be especially lengthy or burdensome in this case. An immediate appeal would not obviate the need for discovery, however, if the appellate court were to remand for further discovery concerning how users access Scribd's servers as described above.

Scribd has also challenged the Plaintiffs' standing with respect to an Article III case and controversy analysis. The Plaintiffs argue that if Scribd's challenge is successful, the Court's March Opinion would be vacated because the issue of standing is central to the Court's jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). While the Court has not yet considered Scribd's standing argument, it is possible that its ruling on the preliminary legal question in the March Order might disappear in light of the complete record if the case is dismissed for lack of standing. *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 864 (2d Cir. 1996) ("It does not serve § 1292(b)'s intended purpose to rule on an ephemeral question of law that may disappear in the light of a complete

8

and final record."). This would only come to pass if the Second Circuit were to affirm the March Order. Nevertheless, the Court holds that certification at this early stage of the litigation will not materially advance its termination and could very well lengthen it considerably.

Scribd's suggestion that it would be in a better position to consider alternative resolution once there is a controlling appellate opinion on this issue does not undermine the Court's conclusion. More definitive appellate rulings always yield more information for the parties to consider in negotiations, but that consideration does not outweigh the Court's judgment that an interlocutory appeal is presently inappropriate.

The intended purpose of Section 1292(b) would not be well served by certification. Simply put, the Court does not find that this case presents the "exceptional circumstances" required to justify a deviation from the normal course of postponing appellate review until after final judgment. *Transp. Workers Union*, 505 F.3d at 229.

Because the Court **denies** Scribd's motion for certification, its request for a stay pending a request for interlocutory appeal is **denied as moot**.

DATED at Burlington, in the District of Vermont, this 29th day of May, 2015.

                                               <u>/s/ William K. Sessions III</u>
                                               William K. Sessions III
                                               District Court Judge